UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

---

Benjamin Marr,

    Plaintiff

v.   *Civil Action No.* _____

Redeemed Lobster Co, Inc.

& F/V Alton & Irene

---

# PLAINTIFF'S COMPLAINT & JURY TRIAL DEMAND

## PARTIES

1. The Plaintiff, Benjamin Marr is a resident of Thomaston, ME and a Jones Act Seaman who worked on the f/V Alton & Irene.
2. The Defendant, Redeemed Lobster Co. Inc. owns and operates F/V Alton & Irene and has a principal place of business in either Owl's Head, ME, Spruce Head, ME, Rockland, ME or Portland, ME.

## JURISDICTION/VENUE

3. Subject matter jurisdiction is appropriate as this matter arises under 46 U.S.C. 688, The Merchant Marine Act of 1920 ("Jones Act").
4. Subject matter jurisdiction is also appropriate as this action is based in admiralty.
5. Personal Jurisdiction is appropriate as the vessel made port in Maine and the vessel master has its principal office in Maine.

## STATEMENT OF FACTS

6. The Plaintiff realleges and reavers paragraphs 1-5 as if expressly stated herein.
7. Benjamin Marr resides in Thomaston, ME.

8. At all relevant times to this complaint, Benjamin Marr was a Jones Act Seaman in the employ of F/V Alton & Irene (hereinafter "the vessel"). .
9. F/V Alton & Irene was owned and operated by Redeemed Lobster Co. Inc.
10. Redeemed Lobster Co. Inc.'s website states that their offices are located in Portland, ME.
11. Public record locates Redeemed Lobster Co, Inc.'s principal offices in Rockland, ME.
12. Mr. Marr's was a deckhand on the vessel.
13. He earned $18 per hour as a deck hand and worked seven days per week, 12 hour per day.
14. On or about September 15, 2019, Mr. Marr was working on the vessel.
15. While lifting a 106 pound lobster crate onto a stack of two other lobster crates, Mr. Marr injured his lower back.
16. He sought treatment at an emergency room, who would not treat him due to his lack of health insurance.
17. He returned to work a few days later.
18. During the days following the injury, he notified the Captain, Jeremy via text message.
19. After this injury he continued to work for the next two plus months.
20. On November 29, 2019, Mr. Marr had a second, similar injury while working for Redeemed Lobster Co.
21. Near the end of his shift, while again lifting a lobster crate to stck it on top of two other lobster crates on the vessel, he again injured his lower back.
22. After the incident, Mr. Marr was out of work until May 22, 2020.
23. Both injuries occurred when he was alone doing his specific, assigned duties.
24. Other crew members were on the vessel, but neither assisted lifting the over 100 pound crates.
25. One other crew member operated the crane/lift/hoist and the other hooking the crates traps in the water.
26. The vessel is outfitted with a crane/lift/hoist mechanism.
27. That crane/lift/hoist mechanism had a severely limited range of motion, which made it impossible to lift the 100 plus pound crates of lobster from the vessel onto the stacks of crates.

28. There was no secondary crane/lift/hoist on the vessel and no other crew members to aide Mr. Marr.
29. As a direct and proximate result of the incidents described above, Mr. Marr sustained severe personal injuries to his lower back along with other associated damages.
30. On October 23, 2022 and March 7, 2022, the defendant was officially put on notice by an attorney representing Mr. Marr via letters to Patrick J. Mellor, the Clerk/Registered Agent for the Company and to the company itself at separate addresses.
31. At no point has Mr. Marr been paid any maintenance nor cure.

### COUNT I: The Merchant Marine Act of 1920, U.S.C. s. 688 (Jones Act Negligence)

32. The Plaintiff realleges and reavers paragraphs 1-22 as if expressly stated herein.
33. The Defendants owed the Plaintiff a duty of care under the Jones Act.
34. At all relevant times, the Plaintiff was doing the work traditionally done by a seaman.
35. The Defendants breached that duty of care as follows:
    a. Failure to exercise due care to providing, inspecting and/or maintaining a safe, seaworthy vessel, including its equipment, appurtenances, crew, etc.
    b. Failure to property inspect the vessel for its safety hazards prior to leaving the dock, including deficiencies in the crew, its equipment, appurtenances, etc.
    c. Failure to warn the Plaintiff of the safety hazards and lack of seaworthiness of the vessel, its crew, equipment and appurtenances;
    d. In other ways as will be proven through litigation and at trial.
36. As a direct and proximate result of the defendants' breaches of duty, the Plaintiff sustained personal injuries, suffered great pain emotionally and physically, missed time from work and was damaged in other related ways.

### COUNT II: Unseaworthiness

37. At all relevant times, Mr. Marr was acting within the scope of his duties as a crew member and Jones Act Seaman aboard the vessel
38. At all relevant times, Mr. Marr was doing the work traditionally done by a seaman.
39. The Defendants at all relevant times, owned and controlled the vessel

40. The Defendants had a duty to provide a seaworthy vessel, which was competently manned, equipped and fit and proper for service in which she was engaged.
41. On or about September 15, 2019 and November 29, 2019, the vessel was on the navigable waters and while Mr. Marr was in the exercise of due care in performance of his duties he sustained severe injuries.
42. The vessel was unseaworthy in the following ways:
    a. The vessel and safety equipment were not properly maintained;
    b. The appurtenances, such as the crane/lift/hoist were unseaworthy;
    c. The crew was deficient in number;
    d. The vessel had no policies and procedures in place for communication, safety, maintenance, and/or inspection;
    e. In other ways as will be proven through litigation and at trial.
43. As a direct and proximate result of the Defendants vessel's unseaworthiness, Mr. Marr suffered personal injuries, conscious emotional and physical pain.
44. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

## COUNT III: Maintenance & Cure

45. At all relevant times, the Plaintiff was acting within the scope of his duties as a crew member and Jones Act Seaman aboard the vessel
46. At all relevant times, the Plaintiff was doing the work traditionally done by a seaman.
47. The Defendants, at all relevant times, owned and controlled the vessel.
48. On or about September 15, 2019 and November 29, 2019 the vessel was on the navigable waters and while the Plaintiff was in the exercise of due care in performance of his duties, he sustained severe and painful personal injuries.
49. The Defendant had notice of the injuries. In addition, the Plaintiff, through counsel, put the Defendant on notice in a letter dated October 23, 2022 and March 7, 2022.
50. The Defendant received that notice and responded via letter on March 15, 2022.
51. At no time thereafter, did the Defendant pay maintenance nor cure to the Plaintiff.
52. As a seaman injured on the navigable waters in employ of the vessel, the Plaintiff is entitled to maintenance and cure.

53. The Plaintiff will have more than $40,000 in medical bills and $56,000 in lost wages associated with his injuries sustained in service to the vessel.
54. In addition, the Plaintiff had no assistance paying his living expenses during the time he has been injured.
55. As direct and proximate result of the Defendants' actions/omissions, the Plaintiff incurred expenses for his maintenance and cure and will continue to do so all to his damage as will be shown at trial.

WHEREFORE, the plaintiff demands judgment against the defendants together with costs and interest; and, in addition, an award of punitive damages and attorney's fees for the defendants' willful and persistent failure to make prompt payment of maintenance and cure during the period of the plaintiff's disability.

## PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Benjamin Marr, hereby demands judgment against Redeemed Lobster Co. Inc, and F/V Alton & Irene for all damages allowable by law, together with interest, costs, attorneys fees, and punitive damages, along with any other damages that the Court deems appropriate.

**DATE: 9/13/22**

*/s/Joseph M. Orlando, Jr.*
MA BBO# 680995
*/s/ Joseph M. Orlando*
ME Bar #007163
*/s/Brian S. McCormick*
ME Bar# 006230
Counsel for Benjamin Marr
ORLANDO & ASSOCIATES, P.C.
1 Western Avenue
Gloucester, MA 01930
Ph. (978) 283-8100
Fx. (978) 283-8507
jmorlandojr@orlandoassociates.com
bmccormick@orlandoassociates.com